UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICK HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DALE NELSON, *et al.*,<br><br>　　　　Defendants. | Case No. C08-5242 FDB/KLS<br><br>ORDER RENOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO CONTINUE FOR DISCOVERY |

Pending before the Court is Defendants' motion for summary judgment, presently noted for November 28, 2008. Dkt. # 12. Plaintiff's brief in opposition was due on November 24, 2008. Instead of a response, Mr. Hernandez filed a "response" on November 10, 2008, urging that the motion for summary judgment be delayed because he has not had any opportunity for discovery. Dkt. 19. Mr. Hernandez did not file a request for continuance nor properly note it on the Court's calendar and this request for continuance has only recently come to the Court's attention.

Mr. Hernandez argues that Defendants are in the best position to provide the "those documents" needed to prove his case. *Id*. He further requests that should the Court determine that the Plaintiff move forward without discovery, the Court should set a date for his opposition to be filed. *Id*., p. 2. Mr. Hernandez filed no brief addressing the substantive issues raised in Defendants' motion for summary judgment.

ORDER - 1

For the reasons set forth below, Mr. Hernandez's motion to continue the summary judgment motion until the completion of discovery shall be denied. Although Mr. Hernandez did not properly file a request for continuance or properly note it on the Court's docket, the Court shall grant Plaintiff additional time to file his opposition to the motion.

**DISCUSSION**

Rule 56(f) permits continuance of a motion for summary judgment only where the moving party shows by affidavit that the party cannot present facts essential to justify the party's opposition and states the reasons therefor. Fed.R.Civ.P. 56(f). The moving party has the burden to set forth sufficient facts to show that the evidence sought exists. *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995). The moving party must demonstrate that "additional discovery would uncover specific facts which would preclude summary judgment." *See Maljack Prods., Inc. v. Good Times Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certain nonexistent or is the object of pure speculation. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

Plaintiff merely states that Defendants' motion should be delayed until such time as discovery is over so that he may gain discovery to prove his case. He has identified no facts or particular discovery he believes is necessary to adequately prepare his opposition to the pending summary judgment motion.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion to continue the motion for summary judgment (Dkt. # 19) until the completion of discovery is **DENIED**;

(2) Plaintiff shall file his opposition to Defendants' motion for summary judgment **on or before January 26, 2009**;

(3) Defendants' may file a reply **on or before January 30, 2009**;

(4) The Clerk shall **re-note** Defendants' motion for summary judgment (Dkt. # 12) for **January 30, 2009**; and

ORDER - 2

1    (5)    The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

3    DATED this  29th  day of December, 2008.

                                                Karen L. Strombom
                                                United States Magistrate Judge

28   ORDER - 3