UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICK HERNANDEZ,<br><br>      Plaintiff,<br><br> v.<br><br>DALE NELSON, et al.,<br><br>      Defendants. | No. C08-5242 FDB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  February 12, 2010** |

Before the Court is the motion to dismiss of Defendant David W. Jennings.  Dkt. 27.
Defendant Jennings argues that Plaintiff's claims against him should be dismissed because (1)
Mr. Jennings has not been properly served and therefore, the court lacks personal jurisdiction,
and (2) Plaintiff's claims are moot and fail to state a claim in light of this court's previous grant
of summary judgment.  *Id.*  Plaintiff Erick Hernandez has not filed a reply.  His failure to do so
may be viewed by the court as an admission that Defendant Jennings' motion has merit.  Local
Rule 7 (b)(2).

Having carefully reviewed Defendant Jennings' motion and the balance of the record, the
court recommends that the motion to dismiss be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A. Plaintiff's Allegations and Summary Judgment in Favor of GEO Defendants**

Mr. Hernandez is a detainee at NWDC, a federal immigration detention facility
administered under contract by The GEO Group, Inc. (See http://www.thegeogroupinc.com/
northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm).  Mr. Hernandez

alleges that he placed a sealed envelope in the mail addressed to a former detainee, Aboulaye

Diallo, which contained an invoice from U.S. News and World Report. Dkt. 8, p. 5. The invoice

belongs to a fellow detainee, Antolin Andrew Marks. *Id.* Mr. Hernandez alleges that

Defendants Dale Nelson, George Wigen, B. Gabalis and [Carl] Jason Sadler ("the GEO

Defendants") opened and read his mail outside of his presence in violation of the written

policies set forth in the ICE National Detainee Handbook. He also asserts that his mail was

opened in retaliation against him because he previously assisted Mr. Marks by submitting a

declaration in litigation being pursued by Mr. Marks in an unrelated case (*Antolin Andrew Marks

v. John P. Torres*, No. 07-1660 EGS). *Id.*, pp. 7-8. Mr. Hernandez alleges that the GEO

Defendants opened his mail with the specific intent to find evidence to prevent Mr. Marks from

assisting him and others in the legal library. *Id.*, p. 8. He also alleges that he has been

prejudiced because the GEO Defendants have been opening his legal mail as well as his regular

correspondence. *Id.*, p. 7.

Mr. Hernandez alleges that the GEO Defendants have failed to follow their own rules and

by their actions, Defendants threaten the "sanctity of the ICE National Standards and they have

no penological interest in opening the outgoing correspondence of the Plaintiff where it was clear

that there was no contraband." Dkt. 8, pp. 7-8. Mr. Hernandez argues that the GEO

Defendants' failure to follow their own rules resulted in a violation of his First Amendment

rights. Dkt. 8, p. 7.4.

Defendants Dale Nelson, George Wigen, B. Gabalis and [Carl] Jason Sadler (collectively

the "GEO Defendants") moved for summary judgment. Dkt. 12. By Order entered on July 21,

2009, this court granted the GEO Defendants' motion for summary judgment, finding that "the

evidence, viewed in the light most favorable to Mr. Hernandez, reflects that the GEO Defendants

REPORT AND RECOMMENDATION - 2

were 'adher[ing] to their written rules and policies,' in the handling of Mr. Hernandez's mail."
Dkt. 25, pp. 23-24.

**B.     Plaintiff's Allegations As To Defendant Jennings**

As to Defendant Jennings, Plaintiff alleges that:

> It is claimed that [Mr. Jennings] created an environment where Geo Group routinely violate the ICE National Standards and has failed to ensure that the contract between Geo and ICE where such contract stipulates that the ICE National Standards would be followed.

> It is claimed that [Mr. Jennings] actually encouraged the Geo Group, Inc. employees to skirt the policies."

Dkt. 8, p. 8, ¶¶ 7, 8.

Plaintiff sued Mr. Jennings in his official and individual capacities and seeks injunctive relief from him, as well as monetary damages. *Id.*, pp. 1, 3 and 8. It appears that Mr. Jennings is named as a defendant in this suit because, at the time of the events at issue ("on or about March 16, 2008" *see* Dkt. 8, p. 5, ¶ 13), he was the Assistant Field Office Director assigned to NWDC and, as such, the highest ranking ICE employee at that facility. Dkt. 27, p. 2.

**C.     Service of Process**

Defendant Jennings was never served with a copy of the summons and amended complaint. Dkt. 27, p. 2. Pursuant to the Order Directing Service by U.S. Marshal, Mr. Jennings was to be sent "by first class mail, a copy of the Complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office." *See* Dkt. No. 9, page 1. By the terms of the Order, "[a]ny defendant who fails to timely return the signed Waiver [within thirty days] will be personally served with a summons and complaint . . . ." *Id.* at page 2, lines 11-12. Mr. Jennings did not return a signed Waiver; nor was he thereafter served

REPORT AND RECOMMENDATION - 3

with a copy of a summons and the Complaint, in any manner.  Dkt. 27, p. 3.  There is no certification to the contrary contained in the case docket.

## II.  STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of matters of public record.  (See, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986), without converting a motion to dismiss into a motion for summary judgment.

All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere [c]onclusionary allegations, unsupported by facts, are not sufficient to state a claim under 42 U.S.C. § 1983.  *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).   Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not

REPORT AND RECOMMENDATION - 4

have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential

elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir.

1992).

Before the court may dismiss a pro se complaint for failure to state a claim, it must

provide the pro se litigant with notice of the deficiencies of his or her complaint and an

opportunity to amend the complaint prior to dismissal. *McGuckin v. Smith*, 974 F.2d 1050, 1055

(9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave

to amend need not be granted where amendment would be futile or the amended complaint

would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### III. DISCUSSION

**A.    Service of Process**

Rule 4(m) provides that if a defendant is not served within 120 days after the filing of the

complaint, the court, absent a showing of good cause for failure to serve, shall dismiss the action

without prejudice as to the unserved defendant. Fed.R.Civ.P. 4(m). The Ninth Circuit has made

clear that a "pro se litigant proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal

for service of the summons and complaint[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th

Cir.1990). "So long as the [plaintiff] has furnished the information necessary to identify the

defendant, the marshal's failure to effect service 'is automatically good cause within the meaning

of Rule 4 [(m)].'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994) (citation omitted),

abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).

"Rule 4(i) sets out, with precision and using language that should be clear to any

nonlawyer as well as to any lawyer, the method for obtaining service on the United States," and

its underlying entities, officers or employers. *Clark v. Runyon*, 27 F.Supp.2d 1040, 1042 (N.D.Ill.1998). To serve the United States with process, the summons and complaint must be sent by registered or certified mail to the Attorney General of the United States in Washington, D.C. and either personally delivered to the United States Attorney (or his or her designee) for the district where the case is brought or sent to the civil process clerk for that district's U.S. Attorney's Office by registered or certified mail. Fed.R.Civ.P. 4(i)(1). To serve an officer or employee of the United States sued in an official capacity, a plaintiff must satisfy the Rule 4(i)(1) requirements for serving the United States and further send the summons and complaint to the agency, officer or employee by registered or certified mail. Fed.R.Civ.P. 4(i)(2). Finally, if an officer or employee of the United States is sued in an individual capacity for an act or omission performed in the commission of duties on behalf of the United States, a plaintiff must satisfy the Rule 4(i)(1) requirements for serving the United States and further effect personal service of the summons and complaint on the officer or employee. Fed.R.Civ.P. 4(i)(3).

The record confirms that Defendant Jennings has not been served as required by Rule 4. Although the Court's Order directed service by the U.S. Marshal, "by first class mail, a copy of the Complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office," (*See* Dkt. No. 9, page 1), Defendant Jennings was never served in this manner. Defendant Jennings asserts, and there is no certification on record to the contrary, that he was never served by first class mail and that he never returned a signed Waiver. Dkt. 27, p. 3. Moreover, he was not thereafter or ever served with a copy of a summons and the Complaint, whether by mail or personal service. The court's investigation of the record confirms that this is so.

REPORT AND RECOMMENDATION - 6

The Advisory Committee Notes to Rule 4(m) state that service deadlines should be extended "to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers[.]" Fed.R.Civ.P. 4(m), 1993 Amendments. The Notes further state the district court should "take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis [pleading]." *Id.* In addition, a plaintiff should not be penalized for failure to effect service where the Marshal did not comply with Rule 4 or simply did not timely serve a defendant. See *Pruett*, 912 F.2d at 275.

Under these circumstances, an appropriate course of action would be to simply extend the service deadline and direct the proper service of Defendant Jennings. For the reasons set forth below, however, such an extension is not warranted here because Mr. Hernandez has not alleged any allegations that show Defendant Jennings' personal involvement and the court lacks subject matter jurisdiction of the claims against Defendant Jennings such that Plaintiff cannot maintain a suit against Defendant Jennings in either his personal or official capacity.[1]

**B.     Failure to State A Claim**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged

---

[1] See *Borzeka v. Heckler*, 739 F.2d 444, 446-448 (9th Cir. 1984) (leave to serve government official in his personal capacity not appropriate when allegations fail to show personal involvement, and leave to serve government official in his official capacity is not appropriate where subject matter jurisdiction is lacking.)

wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

As noted above, Plaintiff alleges that Defendant Jennings "created an environment" in which Geo Group employees routinely violated the ICE National Detainee Handbook in regards to the handling of Plaintiff's mail and "actually encouraged" GEO Group employees to do so. Dkt. 8, p. 8. By Order entered on July 21, 2009, this Court granted the GEO Defendants' Motion for Summary Judgment, finding that "the evidence, viewed in the light most favorable to Mr. Hernandez, reflects that the GEO Defendants were 'adher[ing] to their written rules and policies,' in the handling of Mr. Hernandez's mail." *See* Report and Recommendation, Dkt. No. 25, pp. 23-24. As the court has found that no improper acts took place, Plaintiff's allegations that Defendant Jennings created an environment in which the improper acts took place are moot. The claims are, therefore, subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

In the absence of improper acts, Plaintiff has also failed to allege any conduct by Defendant Jennings that deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Thus, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 and his claims against Defendant Jennings should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

## IV.  CONCLUSION

For the reasons stated above, the undersigned recommends that the motion to dismiss (Dkt. 27) should be **GRANTED** and that Plaintiff's claims against Defendant David W. Jennings should be **DISMISSED.**  The dismissal should be without leave to amend and **with prejudice**[2] because amendment of Plaintiff's claims against Defendant Jennings would be futile as the Court has previously ruled that no impropriety occurred in the handling of Plaintiff's mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn,* 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 12, 2010,** as noted in the caption.

DATED this <u>15th</u> day of January, 2010.


Karen L. Strombom
United States Magistrate Judge

---

[2]Although dismissal for failure to serve within the time limits of Rule 4(m) shall be without prejudice, dismissals for lack of subject matter jurisdiction and failure to state a claim are with prejudice.  See Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

REPORT AND RECOMMENDATION - 9